**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

___

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIRST</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>SANTA ROSA</u>   COUNTY, FLORIDA

<u>Donna Bolling, Texas Roadhouse, Inc.</u>
  Plaintiff                                                                                           Case # _____
                                                                                                      Judge  _____

vs.

<u>Texas Roadhouse Holdings, LLC</u>
  Defendant

___

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**EXHIBIT 1**

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

  1

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ J Alistair McKenzie Esq.        Fla. Bar # 91849
        Attorney or party                         (Bar # if attorney)

J Alistair McKenzie Esq.            04/28/2021
(type or print name)                    Date

Filing # 125852105 E-Filed 04/29/2021 01:10:51 PM

BF 230

APR 30 2021

//5~

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR SANTA ROSA COUNTY, FLORIDA

Donna Bolling,

        Plaintiff(s),

vs.

TEXAS ROADHOUSE, INC., and
TEXAS ROADHOUSE HOLDINGS,
LLC.,

        Defendant(s).

Case No. **21-CA-357**

## Summons

The State of Florida

Greetings:

    You are hereby commanded to serve this summons and a copy of the Complaint or petition in the above styled case upon the defendant:

**Texas Roadhouse, Inc.**
**Attn: Corporation Service Company, Registered Agent**
**1201 Hays Street**
**Tallahassee, FL 32301-2525**

    Each Defendant is hereby required to serve written defenses to said complaint or petition on plaintiff's attorney whose address is:

**J. Alistair McKenzie**
**McKenzie Law Firm, P.A.**
**905 East Hatton Street**
**Pensacola, Florida 32503**

    within twenty **(20) days** after service of this summons upon that defendant, exclusive of the day of service, and to file the original of said written defenses with the Clerk of Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Electronically Filed Santa Rosa Case # 21000357CAMXAX 04/28/2021 01:03:02 PM

Witness my hand and seal of said Court on this 29th day of APRIL, 2021

Deputy Clerk

By: *Doren S. Scheurer*
eSigned by Doren Scheurer
on 04/29/2021 11:44:37 t3m7fzUg

Filing # 125771356 E-Filed 04/28/2021 02:03:02 PM

## In The Circuit Court of The First Judicial Circuit in and for Santa Rosa County, Florida

Donna Bolling,

        Plaintiff(s),

vs.

TEXAS ROADHOUSE, INC., and TEXAS ROADHOUSE HOLDINGS, LLC,

        Defendant(s).

Case No.

## Complaint

Plaintiff, Donna Bolling ("Plaintiff"), brings this lawsuit against Defendants, Texas Roadhouse, Inc. and Texas Roadhouse Holdings, LLC ("Defendant"), and alleges:

### General Allegations and Background Facts

1. This is an action for damages greater than $30,000.

2. Plaintiff, Donna Bolling, is a resident of Florida, residing in Escambia County, Florida.

3. Defendants, Texas Roadhouse, Inc. and Texas Roadhouse Holdings, LLC, are foreign for-profit corporations authorized to do business in the State of Florida and specifically, Santa Rosa County.

4. Defendants, Texas Roadhouse, Inc. and Texas Roadhouse Holdings, LLC, was and is in the business of operating a restaurant.

5. The incident that is the subject of this Complaint occurred in Santa Rosa County, Florida.


McKENZIE
LAW FIRM | PA

6. On or about March 3, 2018, Plaintiff, Ms. Bolling, entered the premises known and described as 6645 US-90, Milton, Florida, 32570. At the time, Defendants were conducting their business.

7. Plaintiff's entry onto the premises at that date was occasioned by the business, serving food, that Defendants were conducting at that property.

8. At all times material, the Defendants, Texas Roadhouse, Inc. and Texas Roadhouse, LLC, possessed, operated, and controlled the premises in question.

9. Plaintiff, Ms. Bolling, waited for her table to be available, outside of the building, on a bench owned and maintained by Defendants.

10. As Plaintiff sat down on the bench, the bench seat which was unsecured, flipped up, causing Ms. Bolling to fall off it.

11. As a result of her fall, Ms. Bolling was seriously and permanently injured.

12. Defendants did not take the necessary precaution to secure the bench or ensure the safety of their guests.

## Count I - Negligence

13. Plaintiff, Ms. Bolling, re-alleges paragraphs 1-12, as if fully stated herein.

14. At all times material, the Defendants, Texas Roadhouse, Inc. and Texas Roadhouse Holdings, LLC, exercised possession and control over the property in question and had a duty to make their property secure for visitors to use, warn visitors of potential dangers at the property, and take reasonable action to prevent the visitors from being injured by a potential danger on the property.


McKENZIE LAW FIRM | PA

15. While a customer on the premises, the Plaintiff, Ms. Bolling, was seriously and permanently injured as a direct result of the Defendants', Texas Roadhouse, Inc. and Texas Roadhouse Holdings, LLC, negligence and lack of due care, in that she fell while on the premises due to an unsafe condition that was known and maintained by Defendants.

16. Defendant was negligent and breached its duty of care by:

    a) Its failure to warn Plaintiff of a dangerous condition on the property, over which it exercised possession and control, and of which the Defendants, Texas Roadhouse, Inc. and Texas Roadhouse Holdings, LLC, knew, or should have known existed, but which was hidden from the Plaintiff; and/or

    b) Its failure to take reasonable action to prevent Plaintiff from being injured by a potential danger on the property over which it exercised possession and control.

17. As a direct and proximate cause of Defendants', Texas Roadhouse, Inc. and Texas Roadhouse Holdings, LLC, negligence and lack of reasonable care, the Plaintiff suffered serious and permanent injuries. Plaintiff's injuries include, among others, three fractures of her right hip which required immediate surgery to put in a rod and pin. As a result of these injuries, Plaintiff has had to endure several other surgeries.



18. As a further direct and proximate result of the Defendants', Texas Roadhouse, Inc. and Texas Roadhouse Holdings, LLC, negligence and lack of due and reasonable care, the Plaintiff has incurred past and future medical expenses, past and future physical pain and suffering, loss of earning capacity, loss of enjoyment of life, transportation to and from various medical appointments, and household support services, for which the Plaintiff should be compensated by the Defendants, Texas Roadhouse, Inc. and Texas Roadhouse Holdings, LLC.

19. Plaintiff's, Ms. Bolling, injuries and consequent damages were the direct and proximate result of the Defendants' negligence.

WHEREFORE, Plaintiff demands a judgement against Defendant for damages and such other and further relief as this Court may deem just and fair.

Plaintiff demands a jury trial on all issues so triable.

Submitted on April 28, 2021.

/s/ J. Alistair McKenzie
J. Alistair McKenzie, Esq.
Florida Bar Number: 91849
**McKenzie Law Firm, P.A.**
905 East Hatton Street
Pensacola, FL 32503-3931
Telephone: (850) 432-2856
Facsimile: (850) 202-2012
Email:
amckenzie@mckenzielawfirm.com
michelle@mckenzielawfirm.com
Attorneys for Plaintiff



Filing # 125771356 E-Filed 04/28/2021 02:03:02 PM

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY, FLORIDA

| | |
|---|---|
| Donna Lynn Bolling,<br><br>   Plaintiff(s),<br>vs.<br><br>TEXAS ROADHOUSE, INC., and TEXAS ROADHOUSE HOLDINGS, LLC.,<br><br>   Defendant(s). | Case No.   21 CA 357 |

## Notice of Service of Plaintiff's First Interrogatories to Defendant Texas Roadhouse, Inc.

This notice confirms that on April 28, 2021, Plaintiff served Plaintiff's First Interrogatories to Defendant Texas Roadhouse, Inc. together with a copy of the Complaint.

Submitted on April 28, 2021.

          */s/ J. Alistair McKenzie*
          J. Alistair McKenzie, Esq.
          Florida Bar Number: 91849
          **McKenzie Law Firm, P.A.**
          905 East Hatton Street
          Pensacola, FL  32503-3931
          Telephone:  (850) 432-2856
          Facsimile:  (850) 202-2012
          Email: amckenzie@mckenzielawfirm.com
          Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY, FLORIDA

Donna Bolling,

        Plaintiff(s),

vs.

TEXAS ROADHOUSE, INC., and TEXAS ROADHOUSE HOLDINGS, LLC.,

        Defendant(s).

Case No. 21 CA 357

## Notice of Service of Plaintiff's First Request for Production to Defendant Texas Roadhouse, Inc.

On April 28, 2021, Plaintiff served Plaintiff's First Request for Production to Defendant Texas Roadhouse, Inc., together with a copy of the Complaint.

Submitted on April 28, 2021.

        */s/ J. Alistair McKenzie*
        J. Alistair McKenzie, Esq.
        Florida Bar Number: 91849
        **McKenzie Law Firm, P.A.**
        905 East Hatton Street
        Pensacola, FL 32503-3931
        Telephone: (850) 432-2856
        Facsimile: (850) 202-2012
        Email: amckenzie@mckenzielawfirm.com
        Attorneys for Plaintiff



## Plaintiff's First Request for Production to Defendant

Plaintiff, in accordance with Rule 1.350 of the Florida Rules of Civil Procedure, requests Defendant to answer these production requests within thirty (30) days of service.

## Instructions

When submitting a response to the request for production, please clearly identify which documents you are identifying as responsive to each specific request. This can be done by separating in some logical manner documents according to which request they are responsive to when producing the documents, it can be done by separating documents contained within a PDF file using bookmarks which correspond to the specific requests, and it can also be accomplished by identifying each responsive document in your written response to the request for production. Simply providing unorganized and unseparated documents in response to the request for production will be considered a failure to respond.

The following records are requested for inspection and copying by Plaintiff. Please send digital copies if available. Do not provide paper copies. Documents requested are all responsive non-privileged records in your possession or control or in the possession or control of your attorney.

## Requests For Production

1. Any and all documents which you have or will rely on in asserting any affirmative defense in your answer to the Complaint. Please indicate to which affirmative defense each document to be produced applies.

2. Any and all documents which you relied on in answering any interrogatory in this matter.

3. Any and all videos, records, notes, documents, logs, reports or forms describing any aspect of the events outlined in the Complaint.

4. The entire claims and investigation file(s) of defendant and their insurers, including any and all statements of the parties and/or witnesses as well as photographs taken by the defendant and its insurers.

5. Copies of all records evidencing any form of communication, including but not limited to emails, text messages, phone logs, between anyone associated with Texas Roadhouse, Inc. or Texas Roadhouse Holdings, LLC regarding the subject of the



Complaint.

6. Any and all photographs, maps, drawings, or similar document showing the property where the incident as alleged in the Complaint occurred.

7. Any and all policies and procedure manuals or similar document showing all maintenance and safety measures and precautions applicable to the premises which are the subject of this Complaint.

8. All records, notes, logs, calendars, or similar documents reflecting any and all forms of contact between the Plaintiff and any Defendant named in this matter.

9. Any and all video or audio recordings concerning the incident and/or property referenced in the Complaint.

10. Any and all photographs and images concerning the incident referenced in the Complaint.

11. All incident reports, complaints, or other similar document concerning the incident as alleged in the Complaint.

12. Any and all communications or records of any kind including but not limited to, invoices, work orders, or repairs concerning the bench at issue in this Complaint.

13. All statements, not work product, taken by or on behalf of Texas Roadhouse, Inc., Texas Roadhouse Holdings, LLC, and their agents, employees and investigators regarding any of the facts and issues in this action.

14. Please produce a list of any and all documents that show you met your own policies, procedures, rules, regulations, guidelines, protocols, and directives or otherwise ensured that the subject area where Plaintiff fell was properly inspected, managed, and maintained on March 3, 2018.

15. Please produce copies of any and all log books, trip sheets, and any and all other documents of any kind or by any other name which reflect inspecting, managing,



and maintenance of the area of the subject where Plaintiff fell within one year before the fall of March 3, 2018.

16. Please produce any employee handbooks, policy or procedure manuals, videos, movies, websites, and materials of any other name or kind that related to Defendant's policies regarding safety, proper training, testing, hiring, retention, interviewing, or anything else related to ensure that the subject area of the premises where Plaintiff was hurt on the date of the subject fall was safe.

17. Please produce all records, documents, correspondences, and memoranda regarding any changes and/or modifications made to the subject area since the time of the occurrence described in the complaint.

18. Please produce any and all manuals, brochures, policies and procedures, correspondence, notes, memoranda, notices, bulletins, and other documents distributed to Defendant's employees regarding safety policies and procedures applicable to the subject premises on March 3, 2018.

19. Please produce all company manuals, employee manuals, policies and procedures manuals, memoranda, books, pamphlets, user guides, instructions, operator manuals, videos, and other audio or written materials that were being used for training of Defendant's employees regarding fall prevention or maintenance of its premises on March 3, 2018.

20. Please produce all signs, warnings, bulletins, and any other similar documents distributed or posted to customers or employees of Defendant about its benches or anything related to falls or their prevention at the subject location on March 3, 2018, or after.

21. Please produce a copy of any and all inspection reports that include the subject area of Defendant's premises where the fall occurred since January 1, 2016 to present.

22. Provide a list of all lawsuits in which Texas Roadhouse, Inc. and/or Texas Roadhouse Holdings, LLC, including under any previous or former corporate names, was sued as a Defendant in the State of Florida (in state or federal court) in



relation to claims of negligence/premise liability 2014 to 2021, and for each lawsuit identify the parties involved, the case number, and the court it was filed in.

Submitted on April 28, 2021.

/s/ J. Alistair McKenzie
J. Alistair McKenzie, Esq.
Florida Bar Number: 91849
**McKenzie Law Firm, P.A.**
905 East Hatton Street
Pensacola, FL  32503-3931
Telephone:  (850) 432-2856
Facsimile:  (850) 202-2012
Email: amckenzie@mckenzielawfirm.com
Attorneys for Plaintiff



# Plaintiff's First Interrogatories to Defendant

Plaintiff, by and through the undersigned attorney and in accordance with Rule 33 of the Federal Rules of Civil Procedure, hereby requests the Defendant to answer completely the following interrogatories hereinafter set forth within thirty (30) days of service.

## Instructions

1. Pursuant to Fed. R. Civ. P. 33, in answering the following interrogatories, you are to furnish all information available to you or subject to your reasonable inquiry, including information in the possession of your agents, employees, attorneys, and other persons directly or indirectly employed by or connected with you and anyone else otherwise subject to your control, and to serve your answers, separately and fully in writing under oath, upon J. Alistair McKenzie, counsel for plaintiff(s), within thirty days from the date of receipt.

2. In answering these interrogatories, you must make a diligent search of your records, other papers, and materials in your possession or available to you or to your representatives. If the interrogatory has subparts, answer each part separately and fully. Do not limit your answer to the interrogatory as a whole. If you are unable to answer in full any of these interrogatories, you must answer and respond to them to the fullest extent possible, specifying the reasons for your inability to answer the remainder and stating the information, knowledge, or belief you have concerning the unanswerable portion. Failure to answer as instructed herein without substantial justification may render you, your attorney, or both you and your attorney liable for the expenses of a motion pursuant to Fed. R. Civ. P. 37.

3. If the information requested is not known or is not reasonably available in the form or scope requested, but can be supplied partially in a modified form, or for a different but relevant date or period, you are instructed to set forth the best information available to you, together with a statement of the reasons that the answer is not completely responsive to the interrogatory. You must also provide the identity of any documents or sources from which more complete information is obtainable.

4. Whenever an interrogatory calls for information with respect for "each" one of a particular type of occurrence, communication, or other matter of which more than one exists, you are to identify separately, and in chronological order, each instance of the occurrences, communications, or other matters referred to. For each such instance you are required to provide all of the information asked for in the interrogatory. If you cannot provide the information required, you are to explain why you are unable to provide that information.

5. To the extent that you believe that any of the interrogatories calls for information contained in documents or communications subject to a claim of confidentiality, trade secret, privilege, or work product, you are still to answer as much of the interrogatory and each subpart, which does not request allegedly confidential, secret, privileged, or work product information. As to each document and communication you believe to be confidential, secret, or privileged with respect to the information which you refuse to furnish, you must identify each such document in as much details as is possible.

6. To the extent that you believe that any of the interrogatories is objectionable, you are instructed to answer as much of each such interrogatory and each subpart thereof that is not objectionable. Then you are to separately state the objection and the factual basis to each objection.

7. When referring to a fact or conclusion, you must provide all circumstances upon which the fact or conclusion is based.

8. You are requested to reasonably supplement the answers to all interrogatories that have been served upon you in this matter. You are also to provide and update the identification of any and all people who have knowledge of discoverable matters, without being requested to do so. You must also amend any answer when it is
Discovered by you or your agents or representatives to be either incomplete or no longer true. A failure to supplement is, in substance, a knowing concealment.

9. You are instructed to designate in each answer what information is not within your personal knowledge. As to that information which you provide, you are to state the name and address of every person from whom the information was received. If the source of the information is documentary, you must provide a full description of the document, including its current location.

10. With respect to each interrogatory, in addition to supplying requested information and identifying specifically referenced documents, you are additionally obligated to identify and describe all documents to which you referred to in answering these interrogatories.

## Interrogatories

1. Identify all employees working for Defendant at the time of the incident who was involved in any way with the subject matter or subsequent investigation of the incident described in the complaint. For each person listed, provide their full name, contact information, position they held at the time, and whether they are still employed with Defendant. Also, include the name and contact information for the general manager of Defendant whether or not that person was actually at Defendant's place of business at the time of the incident.

2. Identify any and all persons you believe to have knowledge about the facts and circumstances of the incident involving Plaintiff. For each person provide their full name, contact information, and a summary of the knowledge you believe that person to have about the incident or Plaintiff.

3. Identify all persons by name, address, and phone number who in any way assisted or provided you with information of any kind in your preparation of any response to discovery in this matter, including but not limited to, any attorney or other employee at the agency in which you were employed at the time of the incident sued upon. For any person identified who is not your attorney, identify the specific nature and content of their assistance, whether it was providing you with documentation for specific answers to interrogatories, informing you as to an answer, or providing you with documentation. If any person assisting you is employed by the agency you were employed with at the time of the incident sued upon, identify their job title and position.

4. Describe in detail all systems, policies, and procedures in place on March 3, 2018 for how Defendant and its employees are to handle reports of accidents or injuries which occurred during the operation of business on Defendant's premises, and state with particularity how Defendant did or did not comply with respect to this incident. (If your answer is that you complied with all policies and procedures, you must still identify each one that you were required to comply with at the time of the incident).

5. Describe or list all systems, policies, and routine safety measures and maintenance required to be conducted on the outside premises of the restaurant at issue in this Complaint that is owned or controlled exclusively by Defendant.

6. Please describe the exact sequence of events that occurred for the entire incident which is the subject of this lawsuit. This must include any and all investigative steps taken after Defendant was notified of the incident involving Plaintiff. This description must include all actions taken by anyone known to Defendant to have taken any action.

7. Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

8. Please identify with particularity all persons known to you, your agents, or your lawyers, who have *any information, documents, or knowledge concerning the incident in the complaint or any matters at all which occurred related to this incident,* including but not limited to, any investigations or any proceedings stemming from this incident, or any discussions relating to this incident. This identification must include the name, address, and telephone number of each person identified as well as a description of the information, involvement, and/or knowledge.

9. Please state the specific facts, evidence, statements or any other items or documents you are relying upon *to draft your affirmative defenses in your answer to the complaint in this case.* For each affirmative defense asserted by you, identify each individual affirmative defense and specify for each one what facts, evidence, statements or any other items or documents you relied on to support that specific affirmative defense. If after answering the complaint in this matter you discovered any additional facts, evidence, statements or any other items or documents which support any affirmative defense you are to identify each individual affirmative defense and specify for each one what facts, evidence, statements or any other items or documents you relied on to support that specific affirmative defense.

10. Please identify with particularity if there is any insurance policy or indemnification agreement in force which may or does provide coverage for your acts involved in this incident. This description must include the named insured, the insurer, the policy number, and the type of policy for each insurance policy, and the limits of coverage of each such policy. You must also specifically indicate in your answer to this interrogatory whether or not said insurance policy provides coverage in the event punitive damages are entered against you in this matter. Simply referring to a policy provided as a document is insufficient to answer this question.

11. Do you contend any person or entity other than this Defendant is, or may be, liable in whole or in part for the claims asserted against you in this lawsuit? If so, please state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each said person or entity of your contention.

_____
Signature


STATE OF FLORIDA
COUNTY OF _____


    Sworn to and subscribed before me by means of ☐physical presence or ☐online notarization, this _____ day of _____, 2021, by _____, who is ☐personally known to me or ☐produced _____ as identification.


_____
NOTARY PUBLIC
My Commission Expires:_____